**HEARTY, etc v RENNER PRODUCTS CO et (2 cases)**
**HEARTY v GUARDIAN TRUST CO, Exr, etc., et**

Ohio Appeals, 9th Dist, Summit Co

Nos 2188, 2190 & 2189
Decided June 14, 1933

Harry W. Schwab, Akron, and Rockwell, Grant, Thomas & Buckingham, Akron, for plaintiff.

Slabaugh, Seiberling, Huber & Guinther, Akron, N. O. Mather, Akron, and Thompson, Hine & Flory, Cleveland, for defendants except George J. Renner, Jr.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendant George J. Renner, Jr.

## OPINION

By STEVENS, J.

It is conceded that a decision in the case wherein plaintiff brings her action as a beneficiary under the trust agreement of 1905 (case No. 2189), will be conclusive of all the causes here presented.

Except as it has strong evidentiary value, we deem it unnecessary to consider the trust attempted to be created in 1904, and the so-called waivers executed in connection therewith.

Under date of April 14, 1905, George J. Renner signed an indenture, wherein he conveyed certain real and personal property to Eleanora Renner, Emma Renner, Elizabeth Deibel, George J. Renner, Jr., and William D. Renner, as trustees, during the lifetime of Rose Huber; and upon her death the corpus of said trust to pass to her children and their heirs forever. It will be noted from a reading of said indenture that no reservation to the grantor during his lifetime of income from the trust property appears therein, nor does said indenture specify the time when said trust shall become operative.

It is the contention of said trustees that said trust became operative upon the death of said George J. Renner, Sr., and not during his lifetime, and if that contention be sustained by this court, it is conceded that the plaintiff is not entitled to an accounting for the period during the life of said George J. Renner, Sr. It is also conceded that said plaintiff is not entitled to an accounting for the period after the death of said George J. Renner, for the reason that as to that period there has been a full accounting, and there is no claim of any irregularities therein.

The real question here presented is, What was the donor's intention with reference to the income from said trust property during his lifetime?

In the trial below, the plaintiff called as her own witness one E. C. Deibel, the husband of one of the heirs of George J. Renner, Sr., and examined him upon certain matters. Counsel for defendants then proceeded to cross-examine Mr. Deibel upon subjects concerning which no inquiry had been made in direct examination, and especially with reference to conversations had in his presence and hearing between George J. Renner, Sr., and his attorney, Samuel G. Rogers, at the time of the execution of said indenture; all of this over the objection and exception of plaintiff.

It is urged by plaintiff that the admission of this testimony of Deibel violated the parol evidence rule, by permitting the modification or variation of an instrument in writing by parol testimony, and accordingly that such evidence should not have been considered by the court below, nor should it now be considered by this court.

In connection with that contention, 3 Jones Commentaries on Evidence (2nd ed.), page 2615, §1441, sheds some light. In the consideration of the subject of "Trusts" the writer there says:

"It is the general rule that the trust, and the whole trust, must be proved by the writing. In the construction of any instrument the purpose and intention of the parties making the contract must control. If the writings adduced in proof are plain and unambiguous, the purpose and intent of the parties must be determined by reference to such terms. But this rule is modified to the extent that, provided the existence of a trust is proved by writing parol evidence may be received to explain and complete the trust, if it be imperfectly expressed in the writing."

And in the case of case of Kingsbury v Burnside et, 58 Ill. 310, 336, 11 Am. Rep. 67, it was said:

"From the best investigation we have been able to give to the question, and the authorities which bear upon it, we have arrived at the conclusion, that inasmuch as the written evidence clearly establishes the existence of a trust, parol evidence of the words referred to in the letter is admissible for the purpose of describing or defining what was meant by the letter, and as showing the truth of the transaction.

"To search for artificial rules by which to exclude such evidence, beyond the just demands of the statute of frauds, would be an attempted reversal of some of the most favorite maxims of courts of equity; would be the exercise of astuteness in the ways of

defeating the plain intention of the parties, and aiding in the consummation of a fraud * * *."

The record in the instant case discloses that George J. Renner, Sr., at the time of the execution of the trust indenture for Rose Huber and her heirs, gave to her, in trust, approximately one-sixth of his property, and at the same time gave outright to each of his other children, who were the trustees hereinbefore mentioned, approximately a one-sixth of his property. The evidence is overwhelming to the effect that from that time forth no claim was made by his children, either in their individual capacities or as trustees, of a right to any income from said property during the lifetime of said George J. Renner, Sr., although some of them were active in the prosecution of the businesses consituting a large part of the corpus of said gifts; and that not until after the death of said George J. Renner, Sr., did the trustees for Rose Huber begin to function as such. The evidence further strongly preponderates in favor of the conclusion that said George J. Renner, Sr., took for himself the entire income from the property which he had given to his children, including the trust estate, and disposed of the same as he saw fit during his lifetime; that he caused books to be set up, wherein he disposed of the entire income from said property, charging himself therewith, and then in turn charging, upon said books, the children, who were the recipients of his gratuities from said income. Said books show substantially an equal distribution to each of his children, including this beneficiary.

During the lifetime of said George J. Renner, Sr., neither he nor any of his children, either as individuals or as trustees, did any act consistent with the theory that the trust created for Rose Huber and her children was to become operative during the lifetime of the donor. On the contrary, the conduct of all of the parties was entirely inconsistent with that theory, but was consistent with the theory that the trust was to become operative upon the death of said donor.

We are unanimously of the opinion that any conclusion other than that said George J. Renner, Sr., intended to reserve to himself, during his lifetime, the entire income and beneficial interest from the property given to his children, is unthinkable under the evidence adduced in this case.

We are further of the opinion that the evidence complained of by plaintiff was

properly received in the lower court, and may now be considered by this court for the purpose of making clear the intention of the donor in a trust agreement which upon its face is ambiguous.

Having arrived at the conclusion that the intention of the donor was to have said trust become operative upon his death, it follows that the plaintiff is not entitled to an accounting, and it further becomes unnecessary to pass upon the several other questions here presented.

A decree may accordingly be drawn dismissing the petitions in all three cases, at plaintiff's costs, and plaintiff may have her exceptions.

The cross-petition of George J. Renner, Jr., is also dismissed, at his costs, with exceptions.

WASHBURN, PJ, and FUNK, J, concur in judgment.